UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN LEE DAVIS,

        Plaintiff,

v.

STEPHANIE SPEHAR, et al.,

        Defendants.

Case No. 2:20-cv-12745

HONORABLE STEPHEN J. MURPHY, III

## **OMNIBUS OPINION AND ORDER**

Plaintiff alleged that Defendant police officers violated his constitutional rights during a traffic stop on October 8, 2017. ECF 1. As a result, he sued the officers under 42 U.S.C. § 1983. On October 8, 2020, Plaintiff opened the present case and paid the filing fee. But Plaintiff did not file the complaint until October 15, 2020. ECF 1. Plaintiff then moved to correct the filing date on the complaint, ECF 7, and Defendants moved to dismiss it, ECF 11. The Court reviewed the briefing and finds that a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f). For the following reasons, the Court will deny the motion to amend and grant the motion to dismiss.

I.    <u>Motion to Amend</u>

Plaintiff asks the Court to amend the filing date on his complaint to October 8, 2020. ECF 7, PgID 20. In support of the motion, Plaintiff attached an affidavit from his counsel's office staff member who claims to have filed the complaint on October 8, 2020. ECF 7-1. The staff member claims that he added the parties to the ECF system, paid the filing fee, and uploaded a copy of the complaint. *Id.* at 29. The affidavit

1

includes a screenshot from the Court's ECF system allegedly showing that the complaint was filed on October 8, 2020. *Id.* at 30. Last, Plaintiff attached the receipt showing that he paid the filing fee. ECF 7-2.

In response, Defendants cite the Court's ECF manual. ECF 10-1. The manual states that after paying the filing fee, the filing party must take additional steps. *Id.* at 114–16. The steps include issuing the summons, reviewing the docket texts, and a final review of the pleading. *Id.* Importantly, the filer must click "next" after each of those steps. *Id.* And, as Defendants point out, the affidavit Plaintiff relies on does not say that the staff member took any of the final steps. ECF 10, PgID 58; *see* ECF 7-1, PgID 29–30.

The Court's electronic filing rules state that "[a] case is not considered filed until an initiating paper has been uploaded and a judicial officer has been assigned to the case." E.D. Mich. Elec. Filing Policies and Procedure R. 7(a). And the complaint was not uploaded until October 15, 2020. ECF 1. Simply put, "the proof of payment is not probative as to whether the complaint was transmitted to the Clerk's office; payment of the filing fee precedes the requisite steps for *electronically transmitting the complaint*." *Perparos v. United Indus. Co.*, No. 13-01786, 2015 WL 11117075, at *4 (D. Ariz. Sept. 10, 2015) (emphasis added); *see also Ridel v. United States*, No. 16-607, 2017 WL 2638005, at *2 (W.D. Wis. June 19, 2017) (same). Because there is no proof that Plaintiff's counsel completed all the steps necessary to upload and

2

electronically transmit the complaint, and because the docket itself shows that the complaint was filed on October 15, 2020, the Court cannot amend the filing date.[1]

II.   Motion to Dismiss

When analyzing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual assertions, and draws every reasonable inference in favor of the non-moving party. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court may grant a Rule 12(b)(6) motion to dismiss if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true," the Court must dismiss it. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

Defendant asserts that Plaintiff's claims are time barred. ECF 11, PgID 184–85. "Limitations periods in § 1983 suits are to be determined by reference to the appropriate state statute of limitations and the coordinate tolling rules." *Hardin v. Straub*, 490 U.S. 536, 539 (1989) (quotation omitted). For § 1983 actions arising in Michigan, federal courts borrow the state's three-year limitations period for personal injury actions. *Wolfe v. Perry*, 412 F.3d 707, 714 (6th Cir. 2005) (citations omitted);

---

[1] Defendants also argue that Plaintiff is not entitled to equitable tolling of the limitations period. ECF 10, PgID 51–60. But Plaintiff never asked for equitable tolling, so the Court need not address the issue.

Mich. Comp. Laws § 600.5805(2) ("[T]he period of limitations is 3 years after the time of death or injury for all actions to recover damages for the death of a person or for injury to a person or property."). The limitations period for claims alleging unlawful search and seizure runs from "'the time of injury,' when the plaintiff becomes aware of" the alleged violation. *Wolfe*, 412 F.3d at 714 (quotation omitted).

Plaintiff's allegations establish that the limitations period expired before the complaint was filed. *See* ECF 1. Plaintiff alleged that the traffic stop at issue took place on October 8, 2017. *Id.* at 2. But Plaintiff did not file the complaint until October 15, 2020, more than three years after the alleged injury occurred. Because Plaintiff filed the complaint outside the limitations period the suit is time barred, and the Court must grant the motion to dismiss.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Motion to amend/correct the filing date [7] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss [11] is **GRANTED**.

**SO ORDERED**.

    s/Stephen J. Murphy, III
    STEPHEN J. MURPHY, III
    United States District Judge

Dated: April 20, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 20, 2021, by electronic and/or ordinary mail.

    s/David P. Parker
    Case Manager